HOUSE OF ADLER, INC., ET AL., PLAINTIFFS v. THE UNITED STATES, DEFENDANT

Court No. 78-9-01715

Before WATSON, *Judge.*

(Dated May 17, 1982)

*Glad, White & Ferguson* (*Edward N. Glad* at the trial and on the briefs) for plaintiffs.

*J. Paul McGrath,* Assistant Attorney General; (*Joseph I. Liebman,* Attorney in Charge, International Trade Field Office and *Jerry P. Wiskin,* Commercial Litigation Branch) for defendant.

WATSON, *Judge:* In this dispute over the valuation of diamonds and other precious and semi-precious stones imported from Hong Kong, the parties have cross-moved for judgment.

This follows a period in which the matter was remanded to the Customs Service for valuation in accordance with the Court's opinion in Slip Op. 81-116 (December 16, 1981). In that opinion the Court found that the government's appraised export values were wrong and, additionally, that plaintiffs had not proved their claimed export values or United States values. The Court conclud-

---

ed that export value still remained a possibility but that another basis of valuation might have to be used. It remanded the question to the District Director at the Port of Honolulu, where this merchandise was entered, for a new determination.

In a letter of March 29, 1982, to the Clerk of this Court, the District Director detailed his inability to make a new determination, due to the unavailability of any information regarding the merchandise covered by these entries, or similar merchandise, for the relevant period of 1972 to 1974.

The Court accepts the letter as evidence of a good faith attempt to comply with the order of the Court, although in the future it will require that such representations be made and filed in affidavit form. To the extent that the inability to comply resulted from a failure to preserve records relating to merchandise which had not yet been liquidated or was the subject of a protest or litigation, it is inexcusable. However, it appears to the Court that in this case the failure to comply resulted more from the unavailability of information outside the control of the District Director (regarding comparable gemstone transactions) than from the loss of documents covering this particular merchandise. For this reason, in the absence of a finding of negligent, obstructive or contumacious conduct by the defendant, the Court will not draw an analogy to sanctions for failure to make discovery and will not impose the "ultimate" sanction of entering judgment for plaintiff.

The Court notes that its remand did nothing to alter the continuing statutory requirement that plaintiffs have what is called a dual burden of proof under 28 U.S.C. § 2635; first, to disprove the decision of the Secretary of the Treasury or his delegate and second, to prove the correctness of their claims. Had the District Director been able to reach a new determination and had plaintiffs continued to disagree, they would have been back in their original position of having to undertake the dual burden of proof. Here, because the District Director left in effect a determination already held erroneous by the Court, the plaintiffs return to Court with only the second part of their burden remaining, i.e., the necessity of proving their claims.

At this stage, defendant's motion for judgment on the ground that plaintiffs have failed to carry their burden of proof is hardly justified when the fruitlessness of the remand was due to defendant's failure, excusable though it may have been. The fairest procedure at this point is to give plaintiffs an additional opportunity to present evidence to the Court in support of their claims. It may also be an opportune time for the parties to engage in settlement discussions.

Accordingly, the parties are ordered to enter into discussions regarding the settlement of this action and to report the results by

July 12, 1982. If they fail to reach agreement the case will be set down for an additional evidentiary hearing.